IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAWNN MCCLEARY-EVANS          *
                              *
        v.                    *     Civil Case No. CCB-13-990
                              *
MARYLAND DEPARTMENT OF        *
TRANSPORTATION, STATE HIGHWAY *
ADMINSTRATION                 *

******

## MEMORANDUM

Plaintiff Dawnn McCleary-Evans initiated this action against defendants Maryland Department of Transportation and State Highway Administration (collectively "MDOT"), alleging discriminatory treatment based on race and gender in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, *et seq*. MDOT has moved to dismiss McCleary-Evans's complaint, or, in the alternative, for summary judgment. This matter has been fully briefed, and no hearing is necessary. *See* Local Rule 105.6. (D. Md. 2011). For the reasons stated below, MDOT's motion to dismiss will be granted.

## BACKGROUND

McCleary-Evans, an African American female, is a former management employee of various state agencies including MDOT, the Maryland Transit Administration ("MTA"), and the Maryland Department of Natural Resources ("DNR"). (Pl. Compl. ¶¶ 8-9, ECF No. 1). McCleary-Evans alleges that she interviewed for two open positions with MDOT's State Highway Administration ("SHA") Environmental Compliance Division in late 2009 and early 2010. At the time of the interviews, McCleary-Evans asserts that she had over twenty years of experience managing environmental regulatory compliance projects. *Id.* ¶¶ 7-9. According to

her complaint, McCleary-Evans's prior experience with the DNR and MTA "directly related to the proposed duties for both positions[,]" and she was more than qualified for the positions. *Id.* ¶ 10. McCleary-Evans further alleges that the application process was subject to a review panel "influenced and controlled" by SHA official Gregory Keenan, who is a white male, and Sonal Sangahvi, a non-black female. *Id.* ¶ 11. McCleary-Evans was not selected for either open position. *Id.* ¶¶ 11-12 (two successive paragraphs in the complaint are labeled as ¶ 11). McCleary-Evans alleges that SHA officials, including Keenan and Sangahvi, overlooked the African American candidates in the applicant pool, and for reasons of race and gender selected a white male and white female candidate for the two open positions. *Id.* ¶ 13. McCleary-Evans filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), and received a right-to-sue notice on January 2, 2013. (Pl. Opp'n Ex. 1; Pl. Opp'n Ex. 2, ECF No. 5). On April 2, 2013, McCleary-Evans filed suit under Title VII. (ECF No. 1).

**ANALYSIS**

MDOT seeks to dismiss the complaint, or, in the alternative, moves for summary judgment. Under Rule 12(b) of the Federal Rules of Civil Procedure, a complaint may be dismissed, *inter alia*, for lack of subject-matter jurisdiction, or for failure to state a complaint upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), 12(b)(6). Under Rule 56, summary judgment is deemed appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.

**I. Timeliness**

A motion to dismiss pursuant to Rule 12(b)(1) raises the fundamental question of whether a court is permitted to adjudicate the claims brought before it. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and

the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991)).

MDOT initially challenged the timeliness of McCleary-Evans's complaint. (Def.'s Mot. 5-6, ECF No. 4).[1] Under Title VII, a plaintiff must file suit in federal court ninety days after receipt of a right-to-sue letter. 42 U.S.C. §2000e-5(f)(1). The date of postmark ordinarily governs the calculation of when a notice was actually placed in the mail, and generally three days are added to the ninety-day period to account for mail receipt. McCleary-Evans has submitted a copy of the envelope for the right-to-sue letter showing a December 31, 2012 postmark date. (Pl.'s Resp. Ex. 2-3, ECF No. 5). In addition, she wrote on the envelope that she received the letter on the next mail delivery date, January 2, 2013. *Id.* Without the handwritten notation, the presumed receipt date would be January 3, 2013. Because McCleary-Evans filed her complaint on April 2, 2013, exactly ninety days after her notations indicate she received the EEOC notice, and one day before the presumed statutory period expired, McCleary-Evans met the time limit to file suit.

## II. Failure to State a Claim

A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *Jordan v. Alternative Resources Corp.*, 458 F.3d 332, 338 (4th Cir. 2006). When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997) (citing *Little v. Federal Bureau of Investigation*, 1 F.3d 255, 256 (4th Cir. 1993)). "Even though the

---

[1] MDOT appears to abandon the claim in its reply, presumably because of the postmarked envelope attached to McCleary-Evans's opposition.

requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. . . . However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (quotations and citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

In the context of employment discrimination, the Supreme Court has clarified that pleadings need not "contain specific facts establishing a prima facie case of discrimination under the framework set forth" in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002). Instead, an employment discrimination complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Id.* (citing Fed. R. Civ. P. 8(a)(2)); *see also Twombly*, 550 U.S. at 569-70 (explaining that *Swierkiewicz* is consistent with more recent case law and simply reiterated "the

Federal Rules' structure of liberal pleading requirements"). Nevertheless, the plaintiff retains the burden to allege facts sufficient to state all the elements of her claim. *Jordan v. Alternative Resources Corp.*, 458 F.3d 332, 346-47 (4th Cir. 2006).

McCleary Evans does not allege facts that plausibly support a claim of discrimination. Where there is no direct evidence of discrimination, a plaintiff may state a prima facie case of discrimination for failure to hire by showing: (1) that she is a member of the protected class; (2) that the employer had an open position for which she applied or sought to apply; (3) that she was qualified for the position; and (4) that she was rejected under circumstances giving rise to an inference of unlawful discrimination. *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 959-60 (4th Cir. 1996) (citations omitted). It is undisputed that McCleary-Evans is a member of a protected class and applied for two open positions in the SHA Environmental Compliance Division. (Pl. Comp. ¶¶ 3, 7). On the facts pled by McCleary-Evans, it is plausible that she was qualified for the open positions, as she had over twenty years of experience managing environmental regulatory compliance projects at similar state entities. *Id.* ¶ 8. Therefore, the crux of MDOT's motion to dismiss turns on whether McCleary-Evans has stated facts sufficient to meet the pleading requirements as to the fourth prong.

McCleary-Evans avers that a white male and non African American female on the hiring review panel sought to fill both positions with either a white male or white female candidate. (Pl. Compl. ¶ 11). There is no indication of how many people sit on the panel, nor any factual support for the hypothesis that the two members in question wield such control over the panel that they might direct its members to make discriminatory selections in hiring. To survive a motion to dismiss, the complaint must set forth sufficient facts to give rise to an inference of discrimination; conclusory allegations of discrimination are insufficient. *Simpson v. Welch*, 900

F.2d 33, 35 (4th Cir. 1990). McCleary-Evans offers nothing to support her conclusory assertions beyond an unsubstantiated mention of "a history of hires" within the division, and statements identifying her race, the races of the two members of the hiring review panel, and the races of the two applicants hired for the positions. (Pl. Compl. ¶¶ 11, 13). She cites no evidence of any discriminatory statements or actions, and provides no information about the qualifications of the selected candidates. Because discrimination cannot be presumed simply because one candidate is selected over another candidate, McCleary-Evans has not pled adequate facts to give rise to a reasonable inference of discrimination. Moreover, McCleary-Evans's complaint alleges gender discrimination while acknowledging that a female candidate was selected for one of the two positions. *See id.* ¶ 13. McCleary-Evans, therefore, has provided insufficient facts to meet the plausibility threshold.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss under Rule 12(b)(6) will be granted, and McCleary-Evans's complaint will be dismissed.

A separate order follows.


Dated: <u>November 5, 2013</u>　　　　　　　　　　　　　　　　　<u>　　　　/s/　　　　　　</u>
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Catherine C. Blake
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge